UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DIMITRIOS SPANOS and PROTO
RESTORATION CONSTRUCTION, LLC,

       Plaintiffs,

  -v-                                         No.  15CV6422-LTS

CITY OF NEW YORK et al.,

       Defendants.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

       Plaintiffs Dimitrios Spanos ("Spanos") and Proto Restoration Construction, LLC ("Proto" and, collectively with Spanos, "Plaintiffs") bring suit against the City of New York, the New York City Department of Buildings ("DOB"), and various individuals associated with the DOB (collectively, "Defendants"), asserting claims for deprivation of procedural and substantive due process pursuant to 42 U.S.C. § 1983, et seq., and corresponding claims under New York state law.  The Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

       Defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court has reviewed thoroughly the parties' submissions and, for the reasons stated below, grants Defendants' motion.

BACKGROUND

       The following facts alleged in the Complaint are taken as true for the purposes of this motion.  In 1990, the DOB issued a New York City Special Rigger's License ("the License")

to Spanos, the Operating Manager of Proto.  (Compl. ¶¶ 3-4.)  The License authorized Spanos to "[i]nstall or use a suspended scaffold; and [h]oist or lower any article not exceeding 2,000 pounds (907 kg) in weight on the outside of any building with a hoisting machine . . . ."  (Id. ¶ 24.)  Spanos thereafter renewed the License several times.  (Id. ¶¶ 26-27.)

On January 21, 2015, Spanos attempted to renew the License before it would expire on January 31, 2015.  (Compl. ¶¶ 29-30.)  On his renewal application, Spanos answered "No" to the question "Have you ever been convicted or pled guilty to an offense anywhere (an offense is defined as a violation, misdemeanor, or felony)?"  (Decl. of Emily K. Stitelman ("Stitelman Decl.") Ex. B.)[1]  The DOB sent Spanos a letter on February 4, 2015, stating that it had reviewed Spanos' application and that a background investigation revealed that he failed to disclose a criminal conviction on his application.  (Compl. ¶¶ 40-43.)  The letter also requested that Spanos submit additional documents about his conviction.  (Id. ¶ 41.)  On February 19, 2015, Spanos' attorney submitted information to the DOB explaining that, in 2009, Spanos had pleaded guilty to giving unlawful gratuities to public officers to overlook wage violations on a public project involving a corporation in which Spanos held an interest.  (Stitelman Decl. Ex. D.)

---

[1]     The Court may consider the documents attached to Stitelman's Declaration in connection with this motion practice because the Complaint explicitly refers to Spanos' license renewal application (Compl. ¶¶ 29-30), the DOB's February 4, 2015, letter to Spanos asking for more information (id. ¶¶ 40-43), the additional documents Spanos' attorney sent to the DOB (id. ¶ 46), and the DOB's March 25, 2015, letter to Spanos denying Spanos' application (id. ¶¶ 47-48).  See Matusovsky v. Merrill Lynch, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002) ("[A] court may consider documents attached to the complaint as exhibits, or incorporated by reference, as well as any documents that are integral to, or explicitly referenced in, the pleading." (citations omitted)).  Plaintiffs also had knowledge and notice of these documents because each of them was at some point in Spanos' possession, and the documents are integral to the pleading because Plaintiffs rely on them in making their due process violation claims.  Id.; Cortec Industries v. Sum Holding, 949 F.2d 42, 48 (2d Cir. 1991).

The DOB then sent Spanos another letter on March 25, 2015, informing him that his renewal application had been denied based on Spanos' misrepresentation of his criminal history on the application, and that he "had not satisfied the requirement for good moral character." (Compl. ¶ 48.) Plaintiffs thereafter filed the instant lawsuit.

## DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss, the Court accepts as true the non-conclusory factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Courts will not "accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Defendants argue that the Complaint should be dismissed because Plaintiffs have not alleged facts demonstrating that they have been deprived of a protected property interest. The right to procedural due process "appl[ies] only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 569 (1972). Such a property interest is also required to establish a substantive due process violation. See Harlen Assocs. v. Incorporated Vill. of Mineola, 273 F.3d 494, 503 (2d Cir. 2001). "The threshold issue is always whether the plaintiff has a property or liberty interest protected by the Constitution . . . . If a protected interest is identified, a court

must then consider whether the government deprived the plaintiff of that interest without due process." Narumanchi v. Bd. of Trs. of Conn. State Univ., 850 F.2d 70, 72 (2d Cir. 1988) (emphasis in original) (citation omitted).

For a person to possess a constitutionally protected property interest, he "must have more than an abstract need or desire for it" and "more than a unilateral expectation of it"; rather, he must have "a legitimate claim of entitlement to it." Roth, 408 U.S. at 576. Whether an applicant for a license has a legitimate claim of entitlement to the license depends on the "degree of discretion enjoyed by the issuing authority." RRI Realty Corp. v. Incorporated Vill. of Southampton, 870 F.2d 911, 918 (2d Cir. 1989) (citations omitted). When the issuing authority has broad, significant discretion to deny an application based on a number of factors or criteria, "[t]he presence of that discretion precludes any legitimate claim of entitlement." Harlen Assocs., 273 F.3d at 505; see also Sanitation and Recycling Indus., Inc. v. City of New York, 107 F.3d 985, 995 (2d Cir. 1997) (finding that there is no property right in a possible future license when the issuing authority is vested with broad discretion to grant or deny license applications). If, however, the issuing authority's discretion "is so narrowly circumscribed that approval of a proper application is virtually assured," the plaintiff has a legitimate claim of entitlement and property interest. See Walz v. Town of Smithtown, 46 F.3d 162, 168 (2d Cir. 1995) (quoting RRI Realty, 870 F.2d at 918); see also Natale v. Town of Ridgefield, 170 F.3d 258, 263 (2d Cir. 1999) (holding that an issuing authority lacks discretion when it "is required to issue [a permit] upon ascertainment that certain objectively ascertainable criteria have been met," thus giving the plaintiff a legitimate claim of entitlement).

Under New York state law, "an application for a renewal [license] is to be regarded in exactly the same manner as an application for a new license." Khalil v. Spencer, 541

N.Y.S.2d 301, 303 (N.Y. Sup. Ct. 1989) (alteration in original) (citations omitted). Although the Second Circuit "does not appear to have directly addressed the issue of a property interest in a license renewal application, other Circuits have extended the principles regarding agency discretion to the existence of a property interest in a renewed license." New York State Prof'l Process Servers Ass'n, Inc. v. City of New York, No. 14 CV 1266, 2014 WL 4160127, at *8 (S.D.N.Y. Aug. 18, 2014) (emphasis in original) (citations omitted). However, "the situation changes once the license is obtained." Spinelli v. City of New York, 579 F.3d 160, 169 (2d Cir. 2009) (citation omitted). Once a license has been issued, it cannot be subsequently suspended or revoked "without . . . procedural due process required by the Fourteenth Amendment." Bell v. Burson, 402 U.S. 535, 539 (1971) (citations omitted); see also Spinelli, 579 F.3d at 169.

       Here, although Plaintiffs state in a conclusory manner that their license was "suspend[ed] and revok[ed]" without due process (Compl. ¶ 12), the Complaint clearly alleges that Plaintiffs were applying for a renewal of the License (id. ¶¶ 16, 29, 30, 33, 38, 50). Spanos' license renewal application and the correspondence between Spanos and the DOB confirm that Spanos was seeking a license renewal. (Stitelman Decl. Exs. B, C, D, E.) See Sazerac Co. v. Falk, 861 F. Supp. 253, 257 (S.D.N.Y. 1994) ("[I]f the allegations of a complaint are contradicted by documents made a part thereof, the document controls [sic] and the court need not accept as true the allegations of the complaint." (citations omitted)). Furthermore, the New York City Administrative Code section governing license renewal provides that a license that is not timely renewed is "cancell[ed] . . . upon expiration." Administrative Code of the City of New York ("Admin. Code") § 28-401.12. Thus, because Plaintiffs were only attempting to renew a license that had not been suspended or revoked prior to its expiration, the Court's analysis of the question of a property right is properly focused upon the degree to which the

DOB had discretion to refuse the renewal.

The New York City Administrative Code permits the DOB to "refuse to renew a license . . . on any grounds on the basis of which it could deny, suspend, or revoke such license" (Admin. Code § 28-401.12), enumerating fifteen such grounds (id. § 28-401.19).  The range of potential grounds is broad, indicating clearly that renewal is not a presumptive or automatic matter.  The discretion conferred by the Code vitiates any valid claim of a protected property interest in the renewal of the License.

Even if Plaintiffs did possess a valid property interest in the renewal of the License, the Complaint and the documents properly considered on this motion practice clearly demonstrate that Plaintiffs were not deprived of procedural due process.  "In reviewing state [or local] administrative proceedings, it is the function of the federal courts to determine only whether the state has provided adequate avenues of redress to review and remedy arbitrary action."  Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 888 (2d Cir. 1987) (citations omitted).  New York has adequate procedures in place for review of decisions of a New York State or local agency, namely Article 78 proceedings.[2]  See New York State Nat'l Org. for Women v. Pataki, 261 F.3d 156, 168 (2d Cir. 2001) (finding that although plaintiffs had a protected property

---

[2] The DOB's determination on Plaintiffs' license renewal is currently under review in the Article 78 state court proceeding captioned Spanos v. New York City Dep't of Bldgs., No. 101350/2015 (N.Y. Sup. Ct. 2015).  The Court also notes that, contrary to Plaintiffs' assertion, Plaintiffs were not entitled to a hearing at the Office of Administrative Trials and Hearings (OATH) prior to denial of the renewal, as such hearings are only required in connection with the suspension or revocation of a license.  See 1 RCNY 104-07; Matter of M.S.B.A. Corp. v. Markowitz, 806 N.Y.S.2d 77, 78 (App. Div. 2005).  A renewal applicant is only entitled to "notice and an opportunity to be heard."  Admin. Code § 28-401.12.  The Complaint and relevant documentation demonstrate that Plaintiffs were afforded notice and an opportunity to be heard before the license renewal application was denied.

interest, there was no constitutional due process violation because of the availability of New York State's Article 78 procedures); see also Hellenic American Neighborhood Action Committee v. City of New York, 101 F.3d 877, 881 (2d Cir. 1996) ("An Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a § 1983 suit.") (citation omitted).

Nor did the DOB violate Plaintiffs' substantive due process rights.  To prove a substantive due process violation, a plaintiff must demonstrate that the "government action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Pena v. Deprisco, 432 F.3d 98, 112 (2d Cir. 2005) (citation and internal quotation marks omitted).  The conduct must be so "arbitrary as to constitute a gross abuse of governmental authority."  Natale, 170 F.3d at 263.  A law should only be invalidated on substantive due process grounds when "there is no rational relationship between the legislation and a legitimate legislative purpose."  Beatie v. City of New York, 123 F.3d 707, 711 (2d Cir. 1997) (citation omitted).  As noted in the letter denying the renewal application, the DOB has a legitimate state interest in protecting public safety and regulating Special Rigger licenses "[d]ue to the hazardous nature of the work performed."  (Stitelman Decl. Ex. E.)  Spanos's conviction for giving unlawful gratuities is directly related to Special Riggers' responsibilities "to comply with all governmental regulations and to honestly report and cooperate with Department inspectors and personnel."  (Id.)  Plaintiffs have failed to demonstrate that there is any basis for a determination that the denial of the renewal application was egregious or outrageous; to the contrary, documents integral to the Complaint proffer that it was a reasonable exercise of governmental authority to further a legitimate state purpose.  Plaintiffs' substantive due process claim is therefore dismissed.

In light of the dismissal of Plaintiffs' federal claims, the Court declines, pursuant to 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction of Plaintiffs' state law claims of deprivation of due process and equal protection.  See Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors [to be considered in deciding whether to exercise supplemental jurisdiction] . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988))).

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Complaint is granted.  Plaintiffs' federal claims are dismissed with prejudice, and the Court declines to exercise jurisdiction of Plaintiffs' state law claims.  This Memorandum Opinion and Order resolves docket entry no. 31.

The Clerk of Court is respectfully requested to enter judgment in favor of Defendants and close this case.

SO ORDERED.

Dated: New York, New York
       June 20, 2016

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge